E-FILED
Thursday, 07 May, 2020  01:06:48 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANDREW D. COE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **No.: 19-cv-2351-MMM** |
| | ) | |
| **JUSTIN YOUNG, M.D., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action for deliberate indifference to his serious medical needs and retaliation at the Danville Correctional Center ("Danville").  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On an unidentified date in 2017, Plaintiff suffered a chest wall injury while lifting weights.  Plaintiff subsequently developed a lump near his sternum which was later diagnosed as a heterogeneous hypoechoic mass.[1]  Plaintiff alleges that as a result of the mass, he is in constant

---

[1]"A hypoechoic mass is tissue in the body that's more dense or solid than usual. This term is used to describe what is seen on an ultrasound scan." *www.healthline.com › health › hypoechoic-mass.*

pain and suffers shortness of breath.  On an unidentified date, Plaintiff's was seen by Defendant Dr. Young.  Over course of the next few months, Dr. Young ordered two sets of x-rays  and, in December 2017, advised Plaintiff that he would submit a referral for an ultrasound to the chest wall.  Plaintiff claims that Defendant did not submit the referral request, later telling him that he did not do so as he was certain that Wexford would deny it.  Plaintiff claims, further, that Defendant Young only prescribed him ibuprofen, which was ineffective in treating the pain.

In July 2019, Plaintiff was seen by Nurse Practitioner Justin, not a party.  N.P. Justin referred Plaintiff for an ultrasound of the chest.  Plaintiff alleges that the request was denied by Defendant Dr. Ritz of the Wexford Collegial Review Board.  Plaintiff alleges that N.P. Justin submitted a second request which was approved in August 2019.  On September 4, 2019, Dr. Young reviewed the results with Plaintiff advising him of the presence of the heterogeneous hypoechoic mass.  The unnamed physician who had issued the report had also recommended a CT scan of the chest wall for purposes of further evaluation.  Plaintiff asserts, however, that Dr. Young failed to refer him for the CT scan, and he continues to suffer shortness of breath and pain, which renders him unable to sleep.  Plaintiff believes he might need surgery but does not claim that this has been recommended by a physician.

Plaintiff filed a grievance against Defendant Young and asserts that "several months later" Defendant retaliated against him by decreasing his three-times weekly physical therapy sessions for an unrelated back condition, from one hour to 30 minutes in length.  Plaintiff has included copies of his grievances with the complaint.  These reveal that on December 29, 2017, Plaintiff grieved an interruption in his PT call passes and Defendant Young's failure to treat his chest wall complaints.  [ECF 1-1]  Defendant Young did not decrease the length of Plaintiff's physical therapy sessions, however, until August 1, 2019 [ECF 1-1 p. 3], some 20 months later.

Plaintiff alleges against Defendant Ritz, that Ritz initially denied the July 2019 referral for an ultrasound, not based on sound medical judgment but, because of the cost.  The Court notes, however, that the referral was resubmitted and approved by Defendant Ritz the following month.  Plaintiff alleges that this delay caused him additional pain and suffering.  He has not pled, however, that his treatment was changed after the August ultrasound results were received, to establish that the course would have been different had the test had been done one month earlier.

Plaintiff alleges that Wexford has a policy whereby it restricted recommended treatment it felt was too expensive.  Plaintiff claims, without support, that Defendant Young was following this policy when he refused to order the chest wall CT scan recommended by the outside specialist.  In support of his claim, Plaintiff cites passages from the Wexford Provider Handbook which states, in part, that when considering treatment options cost is to be a factor, but not a determinant one.

## ANALYSIS

Deliberate indifference to a serious medical need is also actionable under the Eighth Amendment.  *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008).  A deliberate indifference claim must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition."  *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).  A claim does not rise to the level of a constitutional violation, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable."  *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996).  Plaintiff states enough at this juncture to proceed on the claim

that Defendant Young was deliberately indifferent in not referring him for a CT scan, as recommended, and for not adequately treating the pain related to the heterogeneous hypoechoic mass.

Plaintiff, however, fails to plead a cognizable retaliation claim against Defendant Young. Plaintiff has documented that on December 29, 2017, he grieved Defendant Young's failure to treat his complaints related to the chest wall mass. Defendant Young did not decrease the length of Plaintiff's therapy sessions until August 1, 2019. To establish retaliation Plaintiff must allege not only that he suffered a deterrence for constitutionally protected speech, but that the speech was at least a motivating factor in the [defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). A Plaintiff is not required, at the pleadings stage, to specifically allege the elements of a retaliation claim. *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir.2002) ("[t]he federal rules require (with irrelevant exceptions) only that the complaint state a claim, not that it plead the facts that if true would establish (subject to any defenses) that the claim was valid.") He must, however, plead enough to "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…" *Iqbal,* 556 U.S. at 678. As a result, Plaintiff is to plead "a chronology of events" from which retaliation may be plausibly inferred. *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir.2000)).

Here, Plaintiff has affirmatively pled a 20-month gap between his filing the grievance and Defendant's modification of his physical therapy regimen. This fails to identify a chronology sufficient to support a retaliation claim, as it "rests only on personal beliefs that cannot be substantiated." *Sanders v. Bertrand*, 72 Fed. Appx. 442, 445 (7th Cir. 2003) (dismissing retaliation claim at merit review). *See also*, *Santiago v. Anderson*, 496 Fed. Appx. 630, 633–34 (7th Cir. 2012) (a plaintiff may not assert that "that every ill befalling him must be retaliatory"

2:19-cv-02351-MMM   # 8   Page 5 of 8

merely because he has filed grievances and complaints.)  The retaliation claim against Defendant Young is DISMISSED.

Plaintiff asserts that Defendant Ritz was deliberately indifferent for denying the ultrasound referral in July 2019, even though he subsequently approved it in August 2019.  As previously noted, however, the ultrasound was merely a diagnostic test, not a treatment.  While Plaintiff would claim that the one-month delay caused him to experience pain, he has alleged that the pain still continues and offers nothing to support that, had the diagnostic test been done one month earlier, it would have changed or lessened his symptoms.

Plaintiff's claims as to his own treatment and the citations to the Wexford Handbook fail to plead a cognizable claim against Wexford under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978).  To establish a *Monell* claim, Plaintiff must allege that he suffered a constitutional violation as a result of Defendant's official policy or custom.  *Henderson v. Sheahan*, No. 94-2620, 1995 WL 519704, at *2-3 (N.D. Ill. Aug. 24, 1995) *aff'd,* 134 F.3d 374 (7th Cir. 1997).  To do so, Plaintiff must "allege a pattern or series of incidents that give evidence of the policy; indeed, 'alleging one specific incident in which the plaintiff suffered a deprivation will not suffice.'"  *Id*. at *2-3 quoting *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1237 (7th Cir.1986).  *See Gaston v. Ghosh*,  No. 11-6612, 2017 WL 5891042, at *14 (N.D. Ill. Nov. 28, 2017) (plaintiff's allegations as to his own treatment are insufficient to establish the existence of a policy).

**IT IS THEREFORE ORDERED:**

1.      The This case shall proceed solely on the deliberate indifference claim against Defendant Young.  All other claims are DISMISSED though Plaintiff will be given an opportunity within 30 days to replead, should he wish.  If Plaintiff repleads, the filing is to be

captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading.  If Plaintiff does not  file an amended complaint this case will proceed against Defendant Young only.  Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.  Defendants Ritz and Wexford are DISMISSED.

2.	Plaintiff files [4] a motion for recruitment of *pro bono* counsel.  Plaintiff indicates that he has contact one or more attorneys and is waiting for a response.  The Court does not find, however, that this is sufficient to establish that Plaintiff has made a good faith effort to obtain counsel on his own.  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  [4] is DENIED.  If Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters he has sent to, and received from, prospective counsel.

3.	The Clerk is directed to send Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4.	If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.    Defendant shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6.    Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead,  the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9.    Plaintiff shall immediately notice the Court of any change in mailing address or phone number.  The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

 LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).


 5/7/2020                                              s/Michael M. Mihm
ENTERED                                         MICHAEL M. MIHM
                                              UNITED STATES DISTRICT JUDGE