UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW D. COE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 19-cv-2351-MMM |
| | ) |
| JUSTIN YOUNG, M.D., et al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW –AMENDED COMPLAINT**

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs at the Danville Correctional Center ("Danville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On an unidentified date in 2017, Plaintiff suffered a chest wall injury while lifting weights. Plaintiff subsequently developed a lump near his sternum which was later diagnosed as a heterogeneous hypoechoic mass.[1] Plaintiff alleges that as a result of the mass, he experiences

---

[1] "A hypoechoic mass is tissue in the body that's more dense or solid than usual. This term is used to describe what is seen on an ultrasound scan." *www.healthline.com › health › hypoechoic-mass.*

constant pain, impaired movement and shortness of breath. On an unidentified date, Plaintiff was seen by Defendant Dr. Young who provided him a low dose of ibuprofen and an ace wrap for his chest. Dr. Young also ordered x-rays, reporting to Plaintiff that the results were negative.

Over the next few months, Dr. Young ordered two additional sets of x-rays, reporting that none identified any structural bone damage. In the meantime, Defendant prescribed two unidentified pain medications, with Plaintiff complaining that they were ineffective. In December 2017, Defendant Young advised Plaintiff that he would submit a referral for an ultrasound to the chest wall. This was apparently not done as, several months later, Defendant allegedly told Plaintiff that he had not requested the referral as "Wexford's policy and its guidelines, usually denies outside care for ultrasounds, MRI and CT scans unless the expense not costly."

In July 2019, Plaintiff was seen by Nurse Practitioner Justin, not a party, who referred Plaintiff for a chest wall ultrasound. Plaintiff alleges that the referral was initially denied, but that it was approved the following month, August 2019. On September 4, 2019, Dr. Young reviewed the results with Plaintiff, telling him of the presence of the heterogeneous hypoechoic mass. Plaintiff asserts that the physician who issued the report recommended a CT scan of the chest wall, but that Dr. Young did not refer him for the CT scan. Plaintiff continues to suffer pain and shortness of breath which renders him unable to sleep.

**ANALYSIS**

Deliberate indifference to a serious medical need is also actionable under the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A deliberate indifference claim must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). A claim

does not rise to the level of a constitutional violation, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996). A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v DeTella*, 95 F.3d 586, 591 (7th Cir. 1996), citing *Thomas v. Pate,* 493 F.2d 151, 158 (7th Cir. 1974).

In its initial merit review, the Court found that Plaintiff had stated a colorable deliberate indifference against Defendant Young. Plaintiff will be allowed to proceed on the claims that Defendant Young was deliberately indifferent in not referring him for an ultrasound and CT scan, and for not adequately treating the pain related to the heterogeneous hypoechoic mass. Plaintiff fails, however, to successfully plead that Defendant Ritz was deliberately indifferent due to the 1 ½ month delay between the time Nurse Practitioner Justin ordered the ultrasound and the date it was approved. This, particularly, as Plaintiff does not claim that his treatment was changed after the August ultrasound results so that earlier action would have changed the treatment plan. Dr. Ritz is, once again, dismissed.

Plaintiff reasserts a claim against Wexford under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978). *Monell* provides that liable will attach where constitutional injury results from the policies or practices of an entity acting under color of law. Plaintiff alleges that Wexford had an unconstitutional policy to deny treatment which was too expensive. Here, however, Plaintiff Defendant Young admittedly did not refer Plaintiff for an

3

ultrasound, with this referral not being made until July 2018. As the ultrasound was approved within six weeks of the initial request, there does not appear to be evidence of an unconstitutional policy to deny such testing. While Plaintiff attempts to support this by citing other cases where Wexford was alleged to have unconstitutional policies, this is not sufficient to plead a *Monell* claim. *See Rikas v. Babusch*, 2014 WL 960788 at *2-3, (N.D.Ill. Mar. 12, 2014) (court would not consider other lawsuits, alleging a pattern of employee misconduct, as sufficient notice to municipality). Plaintiff's *Monell* claim against Wexford is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. The This case shall proceed solely on the deliberate indifference claim against Defendant Young. All other claims and all other Defendants are DISMISSED. As Defendant Young has already been served, the Clerk need take no further action in this regard.

2. Defendant Young will have 21 days in which to file a response to Plaintiff's amended complaint.

3. The Clerk is directed to enter the standard Qualified Protective Order, pursuant to the Health Insurance Portability and Accountability Act.


 10/29/2020          s/Michael M. Mihm 
ENTERED         MICHAEL M. MIHM
       UNITED STATES DISTRICT JUDGE